UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LISA SOBEL, *et al.*                                                                                             Plaintiffs

v.                                                                                    Civil Action No. 3:22-cv-570-RGJ

DANIEL CAMERON, *et al.*                                                                                      Defendants

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiffs Lisa Sobel, Jessica Kalg, and Sarah Baron ("Plaintiffs") moved to remand this action pursuant to 28 U.S.C. § 1447. [DE 7-1]. Defendant Attorney General Cameron ("Attorney General") responded [DE 9] and Plaintiffs replied [DE 10]. This matter is ripe. For the reasons below, Plaintiffs' Motion to Remand [DE 7-1] is **GRANTED IN PART and DENIED IN PART**.

**I.    BACKGROUND**

Plaintiffs are three mothers who practice Judaism and require reproductive assistance to get pregnant. [DE 7-1 at 76]. After the Court's decision in *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022), certain Kentucky laws regulating abortion took effect. [*Id.*]. Plaintiffs brought a declaratory action on October 6, 2022, in Jefferson Circuit Court. [DE 1-1]. Plaintiff brought five causes of action arguing that the laws are: (1) vague, (2) unintelligible, (3) in violation of Kentucky's Religious Freedom Restoration Act, (4) in violation of §5 of Kentucky's state constitution by giving a religious preference, and (5) in violation of §5 of Kentucky's state constitution by diminishing the Plaintiff's privileges, rights, and capacities as practitioners of the Jewish faith. [*Id.*]. The Attorney General removed this action on October 26, 2022, alleging that Plaintiffs asserted claims under the Fifth, Fourteenth, and First Amendments of the United States Constitution. [DE 1].

1

## II.     STANDARD

"[T]he Federal courts are limited in their jurisdiction, and "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Congress has provided for removal of cases from state court to federal court when the plaintiff's complaint alleges a claim arising under federal law." *Rivet v. Regions Bank*, 522 U.S. 470, 472 (1998). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is commonly referred to as federal question jurisdiction, and courts use the "well-pleaded complaint rule" to determine whether this jurisdiction is proper. *Obeid v. Meridian Auto. Sys.*, 296 F. Supp. 2d 751, 752 (E.D. Mich. 2003) (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998)).

The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The face of the complaint does not include defenses that might be raised: "Congress has not authorized removal based on a defense or anticipated defense federal in character." *Rivet*, 522 U.S. at 472. There are two ways a case can arise under federal law; primarily "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). The second way to create a federal question is a small category of claims that originate from state law and pass the following "*Grable*" Test: "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258 (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005)). The party seeking removal

bears the burden to demonstrate that the federal court has jurisdiction under either test. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

### III. DISCUSSION

Plaintiffs argue that all five causes of action arise under state law and do not constitute federal claims under the *Grable* Test. [DE 7-1 at 78–79]. In response, the Attorney General argues that Count I raises a federal question. [DE 9 at 90]. Because the Attorney General only argues that Count I arises under federal law, the Court will limit its analysis to Count I.

#### A. Creation Under Federal Law

Plaintiffs contend that their void for vagueness claim in Count I arises under state law. [DE 7-1 at 79]. The Attorney General contends that Count I was created by federal law because it references the Fifth, Fourteenth, and First Amendments. [DE 9 at 90].

The Sixth Circuit has held that "[a] reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1063 (6th Cir. 2008) (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). "Generally, a state law claim cannot be 'recharacterize[d]' as a federal claim for the purpose of removal." *Loftis v. UPS*, 342 F.3d 509, 515 (6th Cir. 2003) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987)). "[T]he plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994).

The Attorney General focuses on the following sentence of Count I:

In passing a restrictive criminal statute infringing religious rights that is so vague that ordinary people such as Plaintiffs cannot understand what conduct is

3

> prohibited, the Kentucky legislature has passed a law that is void for vagueness, violating the principles of Due Process under the Fifth and Fourteenth Amendments and the rights conferred by the First Amendment.

[DE 1-1 at 12–13]. Reading Count I in isolation, it could be interpreted as arising under federal law. The Sixth Circuit, however, requires the Court to read references to the U.S. Constitution in context of the entire complaint when evaluating whether a claim arises under the Constitution. *See Warthman*, 549 F.3d at 1063. Counts II–V all refer to Kentucky law. [DE 1-1]. Although Count I may reference the U.S. Constitution, void for vagueness claims can be brought under Kentucky law. *See, e.g.*, *Util. Mgmt. Grp., LLC v. Pike Cty. Fiscal Ct.*, 531 S.W.3d 3 (Ky. 2017). Reading Count I in the context of the entire complaint, Plaintiffs brought their void for vagueness claim under state law. Plaintiffs, as the masters of their Complaint, chose to assert Count I under Kentucky law. *See Alexander*, 13 F.3d at 943. Therefore, Count I of the Complaint was not created by federal law, and the case cannot be removed on this basis. *Gunn*, 568 U.S. at 257.

**B.** *Grable* **Test**

Because federal law did not create the cause of action asserted in Count I, the Court must determine whether the Complaint implicates a substantial question of federal law under the *Grable* Test. *See id.* at 258. Plaintiffs contend that the Attorney General's removal fails every prong of the *Grable* Test. [DE 7-1 at 78]. In response, the Attorney General argues that Count I necessarily raises a federal question. [DE 9 at 95].

    *i.*   *Whether the Complaint Necessarily Raised a Federal Claim*

The first prong of the *Grable* Test asks whether the plaintiff necessarily raised a federal claim. *See Gunn*, 568 U.S. at 258. Plaintiffs argue that their void for vagueness claim exists and arises under state law. [DE 7-1 at 79]. The Attorney General contends that Plaintiffs' void for vagueness necessarily raises a federal question. [DE 9 at 96]. Reading the Complaint in its

4

entirety, see *Warthman*, 549 F.3d at 1063, the Court held that Plaintiffs brought their void for vagueness claim under state law. *See* Section III.A. The Complaint does not necessarily raise a federal question because Plaintiffs brought their void for vagueness claim under Kentucky law. Accordingly, Plaintiffs' complaint fails the first prong of the *Grable* Test. *See Gunn*, 568 U.S. at 258.

        ii.    *Whether an Issue of Federal Law is Actually Disputed*

The Second prong of the *Grable* Test asks whether an issue of federal law is actually disputed. *See id.* Plaintiffs argue that the U.S. Constitution's language merely supports the elements of a state claim. [DE 7-1 at 80]. In response, the Attorney General contends that this prong is satisfied because the parties dispute whether a state law violates the U.S. Constitution. [DE 9 at 96].

The Supreme Court has held that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc.*, 478 U.S. at 813. Kentucky courts incorporate federal concepts like Due Process and the First Amendment when applying the vagueness and overbreadth analysis articulated under state law. *See, e.g.*, *Commonwealth v. Kash*, 967 S.W.2d 37, 42–43 (Ky. App. 1997). Here, the Complaint only makes a passing reference to principles of Due Process and the First Amendment in Count I. [DE 1-1 at 12–13]. This is consistent with the void for vagueness analysis applied by Kentucky courts. *See Kash*, 967 S.W.2d at 42–43. The Attorney General contends that Plaintiffs have not raised alternative theories supporting a state law claim. [DE 9 at 96]. However, Plaintiffs need not raise alternative theories in their complaint since Count I was based on Kentucky's void for vagueness analysis. *See Kash*, 967 S.W.2d at 42–43. Because federal issues of Due Process and the First Amendment merely exist within Plaintiffs' state cause of action, Count I does not confer

jurisdiction to the federal courts. *See Merrell Dow Pharms. Inc.*, 478 U.S. at 813. Accordingly, Count I fails the second prong of the *Grable* Test. *See Gunn*, 568 U.S. at 258.

        *iii.*      *Whether Plaintiffs' Case Raises Substantial Federal Interests*

The third prong of the *Grable* Test is whether Plaintiffs' case raises substantial federal interests. *See id.* Plaintiffs argue that the bare mention of constitutional principles does not raise a substantial federal interest. [DE 7-1 at 82]. The Attorney General contends that Count I raises substantial federal interests under the First, Fifth, and Fourteenth Amendments. [DE 9 at 96].

The substantial interest inquiry requires an analysis of "the importance of the issue to the federal system as a whole. *See Gunn*, 568 U.S. at 260. The Supreme Court has articulated four factors to consider when determining whether a case implicates substantial federal interest:

> (1) whether the case includes a federal agency, and particularly, whether that agency's compliance with the federal statute is in dispute; (2) whether the federal question is important (i.e., not trivial); (3) whether a decision on the federal question will resolve the case (i.e., the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases (i.e., the issue is not anomalous or isolated).

*Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 570 (6th Cir. 2007) (citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006)).

First, there is no federal agency involved, meaning an agency's compliance with a statute will not be affected by the outcome of this action. *See id.* Next, Count I raises questions regarding state standards for vagueness and unintelligibility. [DE 1-1 at 12–14]. Although the Kentucky standards incorporate federal principles, it is unlikely that this particular question is important to the federal government. *See Mikulski*, 501 F.3d at 570–71. Under the third factor, resolution of the federal issue likely would not resolve the case. *See id.* at 570. Even if Plaintiffs prove that the provisions of state law at issue violate federal standards of Due Process and the First Amendment, they will still need to prove the laws are void for vagueness under the Kentucky standards. *See*

*Kash*, 967 S.W.2d at 42–43. Finally, a decision on any federal questions will not control numerous other cases. *See Mikulski*, 501 F.3d at 570. Plaintiffs' complaint is about a Kentucky law regarding the fertilization of embryos and how those laws violate other state laws. [DE 1-1]. While a decision on the merits may affect more than Plaintiffs, it could only affect those in the Commonwealth. In sum, resolution of this case lacks significance to the federal system, and therefore does not meet the substantiality requirement of the *Grable* Test.

        *iv.*    *Whether Resolution in Federal Court Will Disrupt the Federal-State Balance*

The Fourth Prong of the *Grable* Test asks whether resolution in federal court will disrupt the federal-state balance. *See Gunn*, 568 U.S. at 258. Plaintiffs argue that the Supreme Court explicitly held that claims related to prenatal life are matters for the state courts. [DE 7-1 at 83]. The Attorney General contends that resolution of this case by the federal courts will not disrupt the balance between federal and state courts. [DE 9 at 97].

In *Dobbs*, the Supreme Court held that *Roe v. Wade*, 410 U.S. 113 (1973) and *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833 (1992) must be overruled. *See Dobbs*, 142 S.Ct. at 2242. In doing so, the Supreme Court returned the power to regulate abortion to the citizens of each state and their elected representatives. *See id.* at 2284. Questions regarding the state of prenatal life are no longer within the providence of the federal courts. *See id.* at 2261. However, Count I implicates the very questions now meant for the state courts. [DE 1-1 at 13 ("People's reproductive lives and decisions are complex and varied. There is no 'one size fits all' approach to reproduction. Kentucky's Abortion Law flattens the reproductive experience into non-scientific falsehoods such as a 'fetal heartbeat' and penalizes potential birth givers with a felony if they guess wrong as to what the law is 'supposed' to mean.")]. Resolving this case in federal court would

disrupt the very federal-state balance articulated in *Dobbs*. Accordingly, Count I fails the fourth prong of the *Grable* Test. *See Gunn*, 568 U.S. at 258.

Based on the discussion above, Count I fails all four *Grable* Test factors. *See id.* The Attorney General has failed to meet his burden to prove that this case is subject to removal. *Eastman v. Marine Mech. Corp.*, 438 F.3d at 549–50. Plaintiffs' Motion to Remand [DE 7-1] is **GRANTED**.

### C. Fees and Costs

Plaintiffs request that the Court order the Attorney General to pay their attorneys' fees and costs incurred in obtaining remand. [DE 7-1 at 84]. The Attorney General did not respond. [DE 9]. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances," the Supreme Court instructs that fee awards are appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The decision to award or to deny attorney fees is within the district court's discretion. *Morris v. Bridgestone/ Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). The district court is not required to award fees and costs when removal is improper. *See Ahearn v. Charter Twp. of Bloomfield*, No. 97-1187, 1998 WL 384558, at *2 n. 2 (6th Cir. June 18, 1998).

The Attorney General's removal was ultimately incorrect. And although it is a close call, the Court does not conclude the removal was objectively unreasonable. *See Martin*, 546 U.S. at 141. The Attorney General read Count I of the Complaint to incorporate a cause of action under the Fifth, Fourteenth, and First Amendments. [DE 9 at 92]. This reading was supported by at least one additional citation to federal case law in Count I. [*Id.* at 13–14]. The Attorney General noted

that removal was only based on Count I, the only cause of action that could have invoked federal law. [*Id.*]. Because the Court need not award fees and cost, see *Ahearn*, 1998 WL 384558, at *2 n. 2, and because the Attorney General's removal was not objectively unreasonable, see *Martin*, 546 U.S. at 141, Plaintiffs' request for attorneys' fees and costs is **DENIED**.

## IV. CONCLUSION

Having considered the parties' filings and the applicable law, and being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiffs' Motion to Remand [DE 7-1] is **GRANTED**. Plaintiffs' request for attorneys' fees and costs is **DENIED**. This matter is **STRICKEN** from the Court's active docket.

Rebecca Grady Jennings, District Judge
United States District Court

December 13, 2022